# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STEVE BEILGARD and CONSTANCE MCCURDY,<br><br>                Plaintiffs,<br>        v.<br><br>CITY OF COFFMAN COVE, *et al.*,<br><br>                Defendants. | Case No. 1:25-cv-00005-SLG |

## ORDER DISMISSING PLAINTIFFS' COMPLAINT WITH LIMITED LEAVE TO AMEND

On April 23, 2025, self-represented litigants Steve Beilgard and Constance McCurdy ("Plaintiffs") filed this lawsuit against the City of Coffman Cove, former mayor Perry Olson, and five city council members alleging multiple violations of their rights.[1] On April 28, 2025, Plaintiffs paid the filing fee.[2]

Although non-prisoner complaints are not subject to 28 U.S.C. § 1915(e) or 1915A's screening requirements when the filing fee is paid, the Court retains the inherent authority to dismiss a claim for failure to comply with Federal Rule of Civil Procedure 8 ("Rule 8")[3] or for lack of jurisdiction.[4] For the reasons explained in this order, Plaintiffs' Complaint is DISMISSED. However, Plaintiffs are accorded **60**

---

[1] Docket 1; Docket 1-1 at 3.

[2] Filing fee: $405, receipt number 100022159.

[3] Fed. R. Civ. P. 41(b).

[4] *United States v. Hays,* 515 U.S. 737, 742 (1995) ("federal courts are under an independent obligation to examine their own jurisdiction.").

**days** to file an amended complaint that attempts to correct the deficiencies identified in this order. But as discussed below, Plaintiffs' claims based on violations of criminal statutes and Plaintiff's' claims under the federal Open Meetings Act are DISMISSED with prejudice and must not be included in an amended complaint. In an amended complaint, Plaintiffs' claims must be set forth in short and plain terms, simply, concisely, and directly.[5] The amended complaint itself must contain the necessary factual allegations to state a claim for relief. Alternatively, Plaintiffs may file a notice of voluntarily dismissal in which they elect to close this case.[6]

## I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[7] A complaint that is "verbose, confusing and conclusory" violates Rule 8.[8] Although the Court must construe a complaint filed by self-represented plaintiffs filings liberally, it is not required to sift through disorganized or incoherent material to identify or construct claims on a litigant's

---

[5] *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

[6] *See* Fed. R. Civ. P. 41(a)(1). *See also Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992) (explaining that a district court may dismiss an action for failure to comply with any order of the court).

[7] Fed. R. Civ. P. 8(a)(2).

[8] *Nevijel v. N. Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir. 1981).

Case No. 1:25-cv-00005-SLG, *Beilgard, et al. v. City of Coffman Cove, et al.*
Order Dismissing Complaint with Limited Leave to Amend
Page 2 of 12
Case 1:25-cv-00005-SLG   Document 5   Filed 08/18/25   Page 2 of 12

behalf.[9] A complaint may be dismissed under Rule 8 even if the court can "identify a few possible claims."[10] A complaint must give each defendant fair notice of what the plaintiff's claim against that specific defendant is and the grounds upon which that claim rests.[11]

Attached to Plaintiffs' sparse and conclusory three-page complaint are 433 pages of documents that presumably detail their grievances and the related state court proceedings.[12] But it is not the Court's responsibility to review muddled or voluminous filings to determine what a plaintiff might be attempting to claim or request, and the Court has not reviewed those attachments.[13]

In the Complaint itself, in Claim 1, Plaintiffs allege Defendants committed perjury in violation of 18 U.S.C. § 1621, 18 U.S.C. § 1623 and Alaska Statute § 11.56.230.[14] In Claim 2, Plaintiffs allege Defendants conspired to violate Plaintiffs' rights under the First, Fifth, and Fourteenth Amendments to the U.S. Constitution in violation of 18 U.S.C. § 1349 and Alaska Statute § 11.31.120.[15] In Claim 3, Plaintiffs allege Defendants committed theft by deception in violation of 18 U.S.C.

---

[9] *See Johnson v. United States*, 544 U.S. 295, 296 (2005).

[10] *McHenry,* 84 F.3d at 1179.

[11] *Swierkiewicz v. Sorema* N. A., 534 U.S. 506, 512 (2002).

[12] Dockets 1-1 through 1-3.

[13] See *McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996) (explaining courts need not "sort through a morass of irrelevancy to decide at [a party's] behest what claims he may or may not have stated"); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (complaint must be "sufficiently intelligible" for the court to assess legal viability).

[14] Docket 1 at 1.

[15] Docket 1 at 2.

Case No. 1:25-cv-00005-SLG, *Beilgard, et al. v. City of Coffman Cove, et al.*
Order Dismissing Complaint with Limited Leave to Amend
Page 3 of 12
Case 1:25-cv-00005-SLG     Document 5     Filed 08/18/25     Page 3 of 12

§1038 and Alaska Statute § 11.46.180 by falsifying meeting minutes to deceive the public in order to remove the sign. In Claim 4, Plaintiffs allege Defendants violated the Open Meetings Act, citing to both the federal and state counterpart statutes governing open meetings. In Claim 5 alleges, in its entirety, unspecified "Violations of our 1st, 5th, and 14th Constitutional Rights." Claim 6 alleges, in its entirety, "[a]ll other claims for violations of Federal, State, and City laws, as shown on existing and future Exhibits."[16] And Claim 7, in its entirety, states: "FOURTEENTH AMENDMENT; Due Process and Equal Protection and Alaska Constitution, Art. 1, (7) Procedural Due Process." Plaintiffs seek damages for the theft of the sign, lost income, and "loss of love" for their "chosen home state" of Alaska.[17] In their prayer for relief, Plaintiffs "pray for the court to accept and order fair and just compensation for each and every crime … [p]lus punitive damages … ."[18]

### A. Claims 1 through 3

In a previous order in this case denying Plaintiffs' motion to enjoin Defendants in grand theft at Docket 3, the Court explained that prosecutions can only be undertaken in federal court by the United States Attorney's Office, not by private citizens.[19] Therefore, Plaintiffs' Claims 1 through 3 must be dismissed with

---

[16] Docket 1 at 2.

[17] Docket 1 at 2.

[18] Docket 1 at 3.

[19] Docket 4 at 3.

Case No. 1:25-cv-00005-SLG, *Beilgard, et al. v. City of Coffman Cove, et al.*
Order Dismissing Complaint with Limited Leave to Amend
Page 4 of 12
Case 1:25-cv-00005-SLG   Document 5   Filed 08/18/25   Page 4 of 12

prejudice. Criminal statutes, including those in Title 18 of the United States Code and Title 11 of the Alaska Statutes, set forth criminal offenses and penalties enforceable by government prosecutors and do not create private rights of action.[20] Additionally, Plaintiffs cannot pursue monetary damages as a result for an alleged violation of a federal or state criminal statute, unless the conduct at issue also violates a federally protected or constitutional right that provides an independent basis for civil liability.[21] Any amended complaint must not bring claims seeking criminal prosecution or requests for monetary relief based on alleged criminal activity against any Defendant.

### B. Claim 4

Claim 4 alleges Defendants violated the Open Meetings Act by not allowing Plaintiffs to speak at a City Council meeting.[22] Plaintiffs cite to both 5 U.S.C. § 552b and Alaska Statute § 44.62.310.

#### 1. 5 U.S.C. § 552b

The federal Open Meetings Act, also known as the Government in the Sunshine Act—codified at 5 U.S.C. § 552b—mandates that meetings of federal agencies headed by collegial bodies composed of two or more members must generally be open to public observation. Because Defendants are city officials, not

---

[20] *See Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980) (explaining that criminal provisions of Title 18 of the U.S. Code "provide no basis for civil liability" because they are prosecuted by the government in the name of the United States).

[21] *Allen v. Gold Country Casino,* 464 F.3d 1044, 1048 (9th Cir. 2006) (dismissing claims based on criminal statutes that do not give rise to civil liability).

[22] Docket 1 at 2.

Case No. 1:25-cv-00005-SLG, *Beilgard, et al. v. City of Coffman Cove, et al.*
Order Dismissing Complaint with Limited Leave to Amend
Page 5 of 12
Case 1:25-cv-00005-SLG   Document 5   Filed 08/18/25   Page 5 of 12

federal officials, 5 U.S.C. § 552b is inapplicable to these Defendants. Therefore, Plaintiffs' claim under the federal Open Meetings Act is DISMISSED with prejudice and must not be brought in an amendment complaint.

### 2. Alaska Statute 4.62.310.

The Alaska Open Meetings Act ("Alaska OMA")—codified at Alaska Statutes §§ 44.62.310–44.62.319—requires that governmental deliberations and actions must be conducted openly to protect the public's right to remain informed and retain control over governmental instruments.[23] A federal court cannot establish jurisdiction over a claim brought under Alaska statutory and constitutional provisions unless a plaintiff has first pleaded a cognizable claim for relief under federal law arising from the same set of facts or events.[24] Because there is no federal Open Meetings Act claim that can be brought against the Defendants named in this case, Plaintiffs' Alaska OMA claim must also be dismissed, as it cannot proceed in federal court. An amended complaint must not contain any Alaska OMA claim.

### C. Claims 5 and 7

To state a claim for relief for an alleged violation of the Constitution, a plaintiff must plausible allege facts that, if proven, would established that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the

---

[23] *Clark v. City of Lakewood,* 259 F.3d 996 (2001).

[24] 28 U.S.C. § 1367.

Case No. 1:25-cv-00005-SLG, *Beilgard, et al. v. City of Coffman Cove, et al.*
Order Dismissing Complaint with Limited Leave to Amend
Page 6 of 12
Case 1:25-cv-00005-SLG   Document 5   Filed 08/18/25   Page 6 of 12

federal Constitution.[25] To act under color of state law, a complaint must allege that the defendant acted with state or local authority as a state or local actor.[26] To be deprived of a right, the defendant's action must violate a right guaranteed by the Constitution.[27] Section 1983 does not confer constitutional rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[28]

Plaintiffs' conclusory assertions of constitutional violations in Claims 5 and 7 fail to state a claim for relief. A plaintiff cannot simply attach and reference exhibits as a substitute for presenting factual allegations in the body of a complaint. A complaint must contain factual allegations that explain how the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and a complaint must allege an affirmative link between that specific injury and the conduct of that defendant.[29] Therefore, Claims 5 and 7 are DISMISSED, but Plaintiff is accorded leave to file an amended complaint that attempts to rectify this deficiency.

### D. Claim 6

In Claim 6, Plaintiffs bring "[a]ll other claims for violations of Federal, State, and City laws, as shown on existing and future Exhibits."[30] This catch-all

---

[25] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[26] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[27] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[28] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[29] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[30] Docket 1 at 2.

Case No. 1:25-cv-00005-SLG, *Beilgard, et al. v. City of Coffman Cove, et al.*
Order Dismissing Complaint with Limited Leave to Amend
Page 7 of 12
Case 1:25-cv-00005-SLG    Document 5    Filed 08/18/25    Page 7 of 12

conclusory assertion fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure. Therefore, Claim 6 is DISMISSED.

## II. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[31] An amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[32] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Although Plaintiffs are being given an opportunity to file an amended complaint, they must not include any claims that have been dismissed with prejudice or any claims lacking a sufficient legal or factual basis. Additionally, Plaintiffs must not expand the scope of the case by alleging new unrelated parties or claims.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim must identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[33] Rule 10(b) of the Federal Rules of Civil Procedure requires that

---

[31] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[32] Fed. R. Civ. P. 8(a)(2).

[33] A complaint must consist of continuously numbered paragraphs from beginning to end; do not

Case No. 1:25-cv-00005-SLG, *Beilgard, et al. v. City of Coffman Cove, et al.*
Order Dismissing Complaint with Limited Leave to Amend
Page 8 of 12
Case 1:25-cv-00005-SLG     Document 5     Filed 08/18/25     Page 8 of 12

"[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

### III. Electronic filing

At Docket 2, Plaintiffs requested the Court grant them permission to electronically file documents in the Court's Case Management/Electronic system ("CM/ECF"). At Docket 4, the Court granted Plaintiffs' motion in part. The Court's order explained that only registered attorneys can file documents through CM/EFC, but that Plaintiffs may access the online docket through the Public Access to Court Electronic Records ("PACER") System. Additionally, the Court also informed Plaintiffs that they could send and receive filings via email upon completion and submission to the Court of the attached Consent to Procedure for Electronic Filing document.[34] To date, the Court has not received a signed copy of the Consent to Procedure for Electronic Filing, and therefore, this order shall be mailed to Plaintiffs and Plaintiffs must conventionally file all documents with the Court.[35] Conventional filing means the original paper documents are provided to the Clerk's office either in person or by mail.[36] All documents filed conventionally must contain an original signature from each Plaintiff.[37]

---

start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

[34] Docket 4 at 2.

[35] *See* Fed. R. Civ. P. 5, 5.2, 6; *see also* Local Civil Rules 5.3, 7.3, 7.5, and 79.2(c).

[36] Local Civil Rule 1.1(b)(5).

[37] *See* Fed. R. Civ. P. 11(a) (providing that "[e]very pleading, written motion, and other paper

Case No. 1:25-cv-00005-SLG, *Beilgard, et al. v. City of Coffman Cove, et al.*
Order Dismissing Complaint with Limited Leave to Amend
Page 9 of 12
Case 1:25-cv-00005-SLG    Document 5    Filed 08/18/25    Page 9 of 12

**IT IS THEREFORE ORDERED:**

1. Plaintiffs' **Complaint is DISMISSED**.

2. Claims 1 through 3 are DISMISSED with prejudice. Claim 4 is DISMISSED with prejudice with respect to the federal Open Meetings Act claim and DISMISSED as to the Alaska Open Meetings Act claim.

3. Claims 5 and 7 are DISMISSED with leave to file an amended complaint as to Section 1983 claims.

4. Claim 6 is DISMISSED.

5. Plaintiffs are accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint,</u> setting forth Plaintiffs' claim(s) simply, concisely, and directly; and limited to **no more than 20 pages total**; or

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiffs elects to close and end this case.

6. If Plaintiffs do not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case shall be dismissed without further notice to Plaintiffs.

7. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all

---

[filed in a district court] shall be signed" by counsel or, if the party is unrepresented, by the party himself.); *see also* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules).

Case No. 1:25-cv-00005-SLG, *Beilgard, et al. v. City of Coffman Cove, et al.*
Order Dismissing Complaint with Limited Leave to Amend
Page 10 of 12
Case 1:25-cv-00005-SLG   Document 5   Filed 08/18/25   Page 10 of 12

Court orders.[38] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.[39]

8. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[40] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

9. The Clerk is directed to mail this order to Plaintiffs. Plaintiffs may not receive or send court documents via email prior to signing and filing the Court's Consent to Procedure for Electronic Filing document.

10. With this order, the Clerk is directed to send: (1) form PS15, with "FIRST AMENDED" written above the title "Complaint Under the Civil Rights Act

---

[38] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[39] Fed. R. Civ. P. 41(b) (authorizing a district court to dismiss a complaint with prejudice for failure to comply with Rule 8(a)).

[40] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 1:25-cv-00005-SLG, *Beilgard, et al. v. City of Coffman Cove, et al.*
Order Dismissing Complaint with Limited Leave to Amend
Page 11 of 12
Case 1:25-cv-00005-SLG    Document 5    Filed 08/18/25    Page 11 of 12

42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) a copy of the Court's order at Docket 4.

DATED this 18th day of August, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 1:25-cv-00005-SLG, *Beilgard, et al. v. City of Coffman Cove, et al.*
Order Dismissing Complaint with Limited Leave to Amend
Page 12 of 12
Case 1:25-cv-00005-SLG   Document 5   Filed 08/18/25   Page 12 of 12